1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CAROL A. STENT, *et al.*,

    Plaintiffs,                  Case No. 2:11-CV-00770-KJD-RJJ

v.                                 **ORDER**

BANK OF AMERICA, *et al.*,

    Defendants.

Presently before the Court is Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, ReconTrust Company, N.A. ("Recontrust"), and Mortgage Electronic Registration Systems' Motion to Dismiss (#5).  Plaintiffs filed a response in opposition (#12) to which Defendants replied (#13).  Good cause being found, Defendants' Motion to Extend Time (#14) is granted *nunc pro tunc*.

I.  Background

On or about November 15, 2005, Plaintiff Carol Stent refinanced property she owned at 8016 W. Shelbourne Ave., Las Vegas, NV 89113 ("the Property").  She obtained a $375,000.00 loan from Countrywide Home Loans, Inc.   The Note was secured by a Deed of Trust listing Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for Lender. The Deed of Trust allowed the Lender to foreclose if Stent failed to make payments under the Note,

1   and granted broad powers to MERS to act on the Lender's behalf.  About a year later, Stent obtained

2   a $174,000.00 home equity line of credit ("HELOC") secured with a second position deed of trust

3   against the Property.  As in the Deed of Trust, Defendant Recontrust was named the trustee and

4   MERS was named the beneficiary and nominee of the Lender.

5        Stent subsequently defaulted under the Deed of Trust.  Plaintiffs allege that on August 4,

6   2010, they met with a BAC Home Loan Servicing representative to negotiate a mortgage

7   modification under the Home Affordable Mortgage Program ("HAMP").  Stent sent documentation

8   to BAC Servicing on August 10, 2010 and Stent's application was submitted on August 17, 2010.

9   The representative told Plaintiffs that any foreclosure would be held pending review of the

10  application.

11       On or about September 3, 2010, Recontrust recorded a Notice of Default and Election to Sell.

12  That same day MERS, as beneficiary and nominee of Lender, assigned the Deed of Trust to

13  Defendant BAC Home Loan Servicing, LP ("BAC Servicing").  On November 9, 2010, the Nevada

14  Foreclosure Mediation Program issued a certificate allowing foreclosure to proceed.  The Certificate

15  indicated that Stent either had not requested mediation or had waived mediation.  On November 18,

16  2010, Plaintiffs again met with the BAC Servicing representative.

17       Stent did not cure her default and Notice of Trustee's Sale was recorded on December 9,

18  2010, noticing a December 27, 2010 sale date. Plaintiffs again sent follow-up documentation to BAC

19  on December 13, 2010 which BAC had requested on November 18, 2010.   Plaintiffs filed the

20  present complaint on December 21, 2010.  The Sale was later re-noticed to March 28, 2011.  The

21  foreclosure sale has since been postponed and has not been rescheduled.

22       Plaintiffs' complaint alleges claims for violations of Nevada's Deceptive Trade Practices Act

23  ("DTPA") described as fraudulent foreclosure pursuant to Nev. Rev. Stat. § 41.600, interference with

24  prospective economic advantage, loss of consortium and negligence.  Defendants have now moved to

25  dismiss all claims.

26

2

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

A.  Fraudulent Foreclosure

In response to Defendants' motion to dismiss the claim for fraudulent foreclosure, Plaintiffs assert the claim arises under the DTPA, NRS § 598.015 (15), which makes it a deceptive trade practice to knowingly make any false representation in a transaction.  Plaintiffs assert that Defendants knowingly asserted that their home would not be foreclosed upon while under evaluation for HAMP.  However, Plaintiffs also admit that their home was not foreclosed upon, and BAC Servicing or Recontrust twice continued the date of foreclosure sale and have not re-noticed the sale. Therefore, Plaintiffs have failed to state a claim for violation of the DTPA.  Additionally, no private

3

1  right of action arising from HAMP exists.  Accordingly, the Court grants the motion to dismiss the

2  first claim for relief.

3      B.  Intentional Interference with Prospective Economic Advantage

4      In order to establish a claim for intentional interference with prospective economic

5  advantage, a plaintiff must establish: 1) a prospective contractual relationship between the plaintiff

6  and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm

7  the plaintiff by preventing the relationship; 4) the absence of privilege or justification by the

8  defendant; and, 5) actual harm to the plaintiff as a result of the defendant's conduct.  See Leavitt v.

9  Leisure Sports Incorporation, 734 P.2d 1221, 1225 (Nev. 1987).  Here Plaintiffs have failed to allege

10 that Defendants knew of the prospective relationship: the offer to buy their five (5) acre parcel in

11 conjunction with a purchase of an adjacent five (5) acre parcel of land.  Plaintiffs merely allege that

12 they informed Defendant BAC Servicing that they had listed their home for sale.  Plaintiffs have not

13 alleged facts sufficient to state a claim.  Furthermore, Plaintiffs' opposition does not assert that they

14 could state sufficient facts.  It merely argues that they have already stated sufficient facts.

15 Accordingly, the Court must dismiss this claim, because Plaintiffs failed to allege that Defendants

16 knew of a prospective relationship.

17     C.  Negligence

18     Plaintiffs' negligence claim also fails to state a claim upon which relief may be granted, and

19 must be dismissed.  As this Court has repeatedly stated, it is well-established that a lender does not

20 owe a duty of care to its borrower.  See Larson v. Homecomings Financial, LLC, Case No. 2:09-cv-

21 01015-RLH-GWF (citing Nymark v. Heart Fed. Saving & Loan Assn., 231 Cal.App.3d 1089, 1096

22 (Cal. Ct. App. 1991) (holding that "a financial institution owes no duty of care to a borrower when

23 the institution's involvement in the loan transaction does not exceed the scope of its conventional

24 role as a mere lender of money")); Hubel v. BAC Home Loans Servicing, LP, No. 2:10-cv-1476-

25 JCM-LRL, 2010 WL 4983456, *3 (D. Nev. Dec. 2, 2010).  Because Plaintiffs have failed to

26 demonstrate a duty of care, and because Defendants did not owe a duty of care, Plaintiffs fail to bring

4

1    an actionable negligence claim under Nevada law.  Accordingly, the Court dismisses Plaintiffs'

2    negligence claim.

3           D.  Loss of Consortium

4           "The claim for loss of consortium is a wholly derivative cause of action contingent upon a

5    third party's tortious injury to a spouse."  Runcorn v. Shearer Lumber Products, Inc., 107 Idaho 389,

6    394, 690 P.2d 324, 329 (1984).  Because the Court has found as a matter of law that the other claims

7    must be dismissed as a matter of law, the loss of consortium claim must fail also.  Furthermore,

8    Plaintiff David Nakahara, who does not have an ownership interest in the Property and is not a party

9    to the Note or Deed of Trust, lacks standing to bring any of the other claims, because he is not the

10   injured party.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Accordingly, the

11   Court dismisses the claim for loss of consortium and all other claims brought by Plaintiff Nakahara.

12   IV.  Conclusion

13          Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Extend Time (#14) is

14   **GRANTED**;

15          IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#5) is **GRANTED**;

16          IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

17   and against Plaintiffs.

18          DATED this 8th day of March 2012.

19

20

21          _____

22          Kent J. Dawson
            United States District Judge

23

24

25

26

5